b EDWARD A. DUFRESNE, JR., Chief Judge.
These two consolidated appeals involve a dispute over the timeliness of payment of the proceeds of a fire insurance policy issued by Canal Indemnity Insurance Co. to Angela McKey. In the first case here, a summary judgement was rendered *1099 against Canal holding that it had failed to pay the claim within 60 days of receipt of a satisfactory proof of loss, as required by La. R.S. 22:1220, and was thus hable for penalties and consequential damages suffered by its insured. In the second case, a jury awarded McKey $90,000 in damages for losses suffered by her as a result of the delay in paymént. For the following reasons we set aside the summary judgment in the first case and remand that matter for further proceedings. We dismiss the second case as premature.
The undisputed facts are as follows. In June of 1997 McKey opened Ann’s Auto Repair shop in a leased building, and purchased an insurance policy on property on the premises owned by the business. Four months later, on September 14, 1997, a fire from an adjoining [ ¡^structure spread to the shop building destroying both the building and the contents.
McKey immediately notified Canal of the fire, and Canal sent adjusters to the site from IAS Claims Services, Inc., its independent adjusting company., Several days after the fire McKey provided the adjusters with a list of pergonal property that she claimed had been destroyed which totaled some $35,000. However, she told them that she could not document these items because all of her business records had been destroyed. The adjusters then asked it she could get from the vendors copies of invoices showing the sales prices of the destroyed property, particularly in regard to the major items. McKey eventually produced estimates, from vendors regarding three major items, but nothing else. The adjusters then asked to see her business income tax statements which they assumed would establish at least in part the start up, expenses for the. four-month old business. These were never produced.
By December of 1997, McKey had hired an attorney who duly contacted the adjusters. The attorney was told of the documentation problem and the request for the tax returns, but no further documentation was provided. A second attorney hired by McKey was also requested to provide further documents, but to no avail. By April of the following year McKey had hired a third lawyer, and another request was made for the tax returns, but they were still not forthcoming. During, this period the adjusters regularly reported to Canal on the documentation problem.
|3In July of 1998, McKey filed suit for the insurance proceeds, and also made a claim for consequential damages pursuant to La. R.S. 22:1220. In November of 1998, Canal tendered the $40,000 policy limits on advice of its counsel, and the suit continued on the issue of consequential damages. McKey urged a motion for summary judgment on the question of whether Canal had acted arbitrarily, capriciously or without probable cause in failing to pay the claim promptly. This motion was granted on May 10, 2000, and Canal appealed that judgment. While that áppeal was pending a trial was held to determine the extent of the consequential damages, which the jury fixed at $90,000. Canal appealed that judgment as well, and the two appeals were consolidated here.
- We first address the summary judgment of May 10, 2000. Summary judgment is appropriate when there are, no material facts in dispute and the moving party is entitled to judgment as a matter of law, La.Code Civ. Pro., Art. 966. When such judgments are appealed, appellate courts review them de novo, Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730.
The statute it issue here is La. R.S. 22:1220, which pertinently provides:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of *1100 good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the -insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Section A:
[[Image here]]
14(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is- arbitrary, capricious, of without probable cause.
Thus, McKey had the burden of showing in her motion for summary judgment that there were no material facts in dispute on the questions of whether Canal received a “satisfactory proof of loss,” and acted arbitrarily, capriciously, or without probable cause in failing to pay the claim timely. “Satisfactory proof of loss” is defined as that “which is sufficient to fully apprise the insurer of the insured’s claim,” Hart v. Allstate Ins. Co., 437 So.2d 823, 828. The trial judge recognized McKey’s burden in the text of the summary judgment when she stated that “Defendant had satisfactory proof of loss when its adjusters conducted an investigation and advised Defendant to pay the policy limits of $40,000.”
In support of her motion for summary judgment, McKey attached a document which appears to be a work sheét for an IAS report, dated December 11, 1997 and signed by Brent Conerly, which says in part “we recommend payment in the amount of $40,000.” However, all of the other reports to Canal were signed by John Reed, the lead adjuster, who stated in deposition that he never recommended to' Canal that they pay the policy limits on the claim. Reed also expressed concern during this period of paying a claim without any supporting documentation and noted that he had requested further support for the claims from each of McKey’s three attorneys, but to no avail.
In this court’s view, there is a dispute .of material fact as to whether the adjusters indeed recommended that Canal pay the claim. While the work sheet indicates that one adjuster did so recommend, on the other hand the lead adjuster stated in deposition that he did not. There is thus Isdearly a dispute as to a material fact bearing on the issues of the sufficiency of the proof of loss and whether Canal was arbitrary, capricious, or without probable cause in not paying the claim based on the information available to it. We therefore set aside the summary judgment on the question of whether Canal violated La. R.S. 22:1220, and remand the matter for further proceedings.
The second appeal before us concerns the judgment against Canal for consequential damages arising from its violation of La. R.S. 22:1220. However, because we have set aside the summary judgment which established such a violation, there is not at present any basis upon which Canal could be liable for these damages. We were confronted with a similar situation in Premier Restaurants, Inc. v. Kenner Plaza Shopping Center, L.L.C., 00-1700 (La.App. 5th Cir.1/30/01), 778 So.2d 1180, and ruled that the appeal of the damages portion of the case was rendered premature by vacation of the underlying summary judgment determination of liability. We see no reason to depart from that reasoning here, and therefore dismiss this appeal of the damages portion of the case as premature.
*1101 For the foregoing reasons, the summary judgment against Canal Indemnity Insurance Co. is vacated and the matter is remanded to the district court for further proceedings. The appeal of the judgment for damages is dismissed as premature.

SUMMARY JUDGMENT VACATED IN CASE NO. 01-CA-950; APPEAL DISMISSED IN CASE NO. 01-CA-1166.